IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN E. SANDERS II, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. CIV-10-616-L |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

# FINDINGS & RECOMMENDATION OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423, and his application for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED and REMANDED for further administrative proceedings**..

## PROCEDURAL HISTORY

Plaintiff filed his applications for DIB and SSI on September 6, 2005 alleging a disability since January 1, 2006 (TR. 12). The applications were denied on initial consideration and on reconsideration at the administrative level (TR. 12). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on August 14, 2007 (TR. 29-62). The Plaintiff failed to appear at the hearing (TR. 368). Plaintiff's non-attorney representative requested that the ALJ issue his decision based on the record (TR. 368). No testimony was taken (TR. 367-370). The ALJ issued his decision on January 23, 2008 finding that Plaintiff was not entitled to DIB or SSI (TR. 12-17). The Appeals Council considered additional information from Plaintiff and then denied the Plaintiff's request for

review on April 9, 2010, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 4-7).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 14). At step two, the ALJ concluded that Plaintiff had the following severe impairments: "disorders of the spine" (TR. 14). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 15). At step four, the ALJ found that Plaintiff was able to perform his past relevant work (PRW) as a "carpenter (light work)" (TR. 17).

Thus, at step four, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB or SSI (TR. 17).

On appeal to this Court, Plaintiff argues that the ALJ committed reversible error by failing to properly evaluate Plaintiff's mental impairments; by making a step three determination which was not supported by substantial evidence; by making a step four determination which was not supported by substantial evidence; by failing to properly evaluate the medical opinions of Dr. Jerry D. White; and by violating Plaintiff's procedural due process rights.

Plaintiff urges that the ALJ failed to properly evaluate Plaintiff's mental impairments (See Plaintiff's Brief at pages 12-14). Most of Plaintiff's assertions of error stem from the Commissioner's failure to acknowledge at step two that Plaintiff's pain disorder, adjustment disorder and depression were severe impairments. Step two of the sequential evaluation process, is governed by the Secretary's "severity regulation." *Bowen v. Yuckert*, 482 U.S. 137,140-41 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988). The "severity regulation" provides that:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, [the Secretary] will find that you do not have a severe impairment and are, therefore, not disabled. [The Secretary] will not consider your age, education, and work experience.

20 C.F.R. § 404.1520(c). Pursuant to this regulation, claimant must make a "threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities." *Williams*, 844 F.2d at 751. This threshold determination is to be based on medical factors alone. Vocational factors, such as age, education, and work experience, are not to be considered. *Bowen*, 482 U.S. at 153; *Williams*, 844 F.2d at 750.

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1520(b). These abilities and aptitudes include the following:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of Judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine setting.

20 C.F.R. § 404.1521(b).

Plaintiff's burden on the severity issue is *de minimis*. *Williams*, 844 F.2d at 751. As the United States Supreme Court explains, the Secretary's severity regulation

> Increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are **so slight** that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account.

*Bowen*, 482 U.S. at 153 (emphasis added). The Secretary's own regulations state that

> [g]reat care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued.

*Social Security Ruling 85-28* (1985). In other words, step two "is an administrative convenience [used] to screen out claims that are 'totally groundless' solely from a medical standpoint." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam) (quoting *Farris v. Secretary of HHS*, 773 F.2d 85, 89 n. 1 (6th Cir. 1985)).

In December 2005, Plaintiff underwent a consultative psychological evaluation performed by Jerry D. White, Ph.D. (psychologist) who found that Plaintiff "exhibited symptoms of depression as he struggles with the impact that his physical pain is having on his overall ability to function in many areas of his life" (TR. 323). Dr. White diagnosed Plaintiff as having a pain disorder, and an adjustment disorder with depressed mood (TR. 324). Dr. White assessed Plaintiff as having a GAF

4

score of 45[1], thus indicating that he had a severe impairment in overall functioning over the past year (TR. 324). Dr. White also concluded that Plaintiff's ability to perform manual tasks was being impaired by his pain and he needed remediation of his discomfort and, possibly, redirection into another field of occupational activity (TR. 324).

The record contains medical evidence of Plaintiff's pain disorder, and adjustment disorder with depressed mood, and their impact on Plaintiff's ability to do basic work activities. Thus, it is apparent that the ALJ erred in not finding at step two that Plaintiff's pain disorder, and adjustment disorder with depressed mood were severe and further erred in not considering them in determining his RFC. On remand, the ALJ should consider Plaintiff's mental impairments in formulating his RFC and in completing the remaining steps of the sequential evaluation process.

Plaintiff also urges that the ALJ erred by failing to properly evaluate the medical opinions of Dr. White (See Plaintiff's Brief at pages 20-22). Although the GAF rating may indicate problems that do not necessarily relate to the ability to hold a job, Dr. White indicated Plaintiff's impairments interfered with his ability to perform manual tasks. A GAF score of 50 or less also suggests an inability to keep a job. *Id.* The ALJ did not discuss the GAF score and did not provide a reason to disregard the opinion of Dr. White as to Plaintiff's GAF. *See Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

Although the ALJ did not specifically discuss the GAF score in his decision, he did indicate that he had considered all of the evidence (TR. 13). *See Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996)("The record must demonstrate that the ALJ considered all of the evidence, but an

---

[1] A GAF represents Axis V of the Multiaxial Assessment system. A GAF score is a subjective determination which represents "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Assoc., Diagnostic and Statistical Manual of Mental Disorders (DSM-IV), (4th ed. 1994), p. 30. The GAF score is taken from the GAF scale which "is to be rated with respect only to psychological, social, and occupational functioning." *Id.* The GAF Scale ranges from 100 (superior functioning) to 1 (persistent danger of severely hurting self or others, persistent inability to maintain minimal personal hygiene, or serious suicidal act with clear expectation of death). *Id.* at 32. The GAF scale defines the range from 41 to 50 as follows: Serious symptoms OR serious impairment in one of the following: social, occupational, or school functioning.

ALJ is not required to discuss every piece of evidence."). Nonetheless, the ALJ "may not ignore evidence that does not support his decision, especially when that evidence is significantly probative." *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001); *see also Clifton*, 79 F.3d at 1010 ("In addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."). Because the ALJ's discussion of the mental impairment evidence does not mention the GAF scores or fully discuss the effect of Plaintiff's mental impairments on his ability to work, it is unclear whether the ALJ considered or rejected this evidence, favorable to Plaintiff.

On remand, the ALJ should provide a thorough discussion of the medical evidence including the opinion of Dr. White, as to Plaintiff's GAF score.

Also, in response to Plaintiff's arguments related to step three, the Commissioner should, on remand, obtain the testimony of a medical expert with regard to the issue of whether Plaintiff's impairments satisfy listing 1.04(A). Plaintiff's remaining assertion of error related to an alleged violation of Plaintiff's procedural due process rights should be cured by again giving Plaintiff an opportunity to be heard at a later hearing.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the final decision of the Commissioner is not supported by substantial evidence and should be **REVERSED and REMANDED for further administrative proceedings**.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should

be filed with the Clerk of the District Court by **July 20, 2011**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this the 30th day of June 2011.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE